

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. B. B. Sapp, Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Dear Mrs. Sapp:

> Opinion Number O-5455
> Re: Can the profit from the par
> value of bonds sold by the
> Teacher Retirement System
> be construed to be income
> within the provisions of
> Subsection 5, Section 8, of
> the Teacher Retirement Law?

We are in receipt of your request for an opinion on
the questions stated in your letter reading as follows:

"The Teacher Retirement System of the State
of Texas recently sold approximately $447,000.00
par value bonds from the Teacher Savings Fund
and received from that sale approximately $16,000.00
in excess of the book value of the bonds at the date
of sale. This $16,000.00 therefore represents a
profit to the Teacher Savings Fund, and your opinion
is respectfully requested as to whether or not this
profit can be construed to be income within the pro-
visions of Sub Section 5 of Section 8 of the Teacher
Retirement Law.

"If this profit can be so construed as income
within the provisions of the Article above referred
to, can the profit then be distributed to the various
individual teachers' accounts in accordance with the
provisions of Section 8, Sub Section 1 D of the
Teacher Retirement Law?

TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"If the above referred to profit can not be
so construed, your opinion is further requested
as to what disposition the System should make
of the profit."

Replying to your questions we quote Subsection 5 of
Section 8 of the Teacher Retirement Law, as amended by H. B.
No. 602, 48th Legislature, which reads as follows:

"The Interest Fund is hereby created to facil-
itate the crediting of interest to the various
other funds. All income, interest and dividends
derived from the deposits and investments author-
ized by this Act shall be paid into the Interest
Fund. Once each year on August 31, interest shall
be allowed and transferred to the other funds, re-
spectively. The State Board of Trustees shall
annually transfer to the credit of the interest
reserve account of the Permanent Retirement Fund
all excess earnings after interest-bearing funds
and the Expense Fund have been duly credited with
interest for the year in the manner provided in
this Act."

Section 8, Subsection 1(d) of the same law is brought
forward in H. B. No. 602 as Section 8, Subsection 1(e) and reads
as follows:

"Current Interest on members' contributions
shall be credited annually as of August 31st and
shall be allowed on the amount of the accumulated
contributions standing to the credit of the mem-
ber at the beginning of the year and shall not be
allowed for parts of a year. Following the termi-
nation of membership in the Retirement System for
those members who have been absent from service for
five (5) years in any period of six (6) consecutive

years, the Teacher Saving Fund account of such
members shall be closed and warrants covering
the total accumulated contributions sent to them
upon the filing of formal application. Until the
time of payment of such accumulated contributions,
said teacher shall receive no interest on the
amount due him under this subsection, and the
amount shall be held in a non-interest-bearing
account to be set up for such purpose."

Construing the foregoing quotations from the Teacher
Retirement Law it is our opinion that the profit derived from
the sale of the bonds is income and that it should be paid into
the Interest Fund in accordance with the provisions of Section
8, Subsection 5 of the above mentioned law, and distributed as
provided in Subsection 1(c) of Section 8, of the amended Act.

We enclose herewith a copy of Opinion Number O-823,
the last paragraph of which opinion construes "other revenue"
as meaning any revenue earned by the permanent school fund of
a county as a result of the investment of the proceeds of the
sale of land belonging to such fund.

We think it is clear that profit derived from invest-
ments authorized by the law constitutes "income" and should be
paid into the Interest Fund.

APPROVED JUL 28, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

CFO-s

ok
C.C.R.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By C. F. Gibson
C. F. Gibson
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN